JOHN P. HOLDEN, Plaintiff and Counterdefendant-Appellee, v. ROCK-FORD MEMORIAL HOSPITAL, Defendant and Counterplaintiff-Appellant.

Second District   No. 2—96—0784

Opinion filed March 11, 1998.

John J. Holevas, Scott C. Sullivan, and Timothy J. Rollins, all of Williams & McCarthy, P.C., of Rockford, for appellant.

Michael J. Hedeen and Richard R. Haldeman, both of Haldeman & Associates, of Rockford, for appellee.

Jerry P. Clousson and Joseph T. Butz, both of Clousson & Butz, of Chicago, for *amici curiae* Downstate Physicians Alliance, Illinois Heartland Physicians Association, Independent Physicians Network, McLean Area Medical Association, and Peoria County Medical Society.

Thaddeus J. Nodzenski and Mark D. Deaton, both of Illinois Hospital & HealthSystems Association, of Naperville, and Michael R. Callahan, of Katten, Muchin & Zavis, of Chicago, for *amici curiae* Illinois Hospital & Health-Systems Association and Metropolitan Chicago Healthcare Council.

Robert John Kane and Saul J. Morse, both of Illinois State Medical Society, of Springfield, and Michael L. Ile, of American Medical Association, of Chicago, for *amici curiae* American Medical Association, Chicago Medical Society, Illinois State Medical Society, Lake County Medical Society, and Winnebago County Medical Society.

## SUPPLEMENTAL OPINION ON REMAND

JUSTICE COLWELL delivered the opinion of the court:

On March 27, 1997, this court filed its opinion in the above-entitled case. In that opinion, we found that the corporate-practice-of-medicine doctrine prohibited Dr. Holden from having an employment contract with Rockford Memorial Hospital. Relying on the Illinois Supreme Court's decision in *People v. United Medical Service, Inc.*, 362 Ill. 442 (1936), we explained that a corporation, even a hospital, was not allowed to employ physicians because such action constituted "practicing medicine" in violation of the corporate-practice-of-medicine doctrine. Accordingly, we affirmed the trial court's order granting summary judgment in favor of Dr. Holden, finding that any contract he had with the hospital was void and unenforceable.

The hospital petitioned our supreme court for leave to appeal. The supreme court denied the hospital leave to appeal but entered a supervisory order, which stated:

> "In the exercise of this court's supervisory authority the judgment of the Appellate Court, Second District, in No. 2—96—0794 is vacated. The Appellate Court, Second District, is directed to reconsider its judgment in light of *Berlin v. Sarah Bush Lincoln Health Center*, 179 Ill. 2d 1 (1997)." 175 Ill. 2d 527.

In *Berlin v. Sarah Bush Lincoln Health Center*, 179 Ill. 2d 1 (1997), the supreme court addressed the issue of whether the corporate-practice-of-medicine doctrine prohibits licensed hospitals from employing physicians to provide medical services. In *Berlin*, a physician filed a complaint for declaratory judgment seeking to have his employment agreement with a health center declared unenforceable. The physician stated that the agreement was void because by employing physicians the health center was violating the corporate-practice-of-medicine doctrine. The health center contended that there was no statutory prohibition on the corporate employment of physicians and that no judicial determination existed that prohibited hospitals from employing physicians.

The *Berlin* court reviewed the history of the corporate-practice-of-medicine doctrine and the application of the doctrine in Illinois. Next, the court discussed the applicability of the doctrine to hospitals in other jurisdictions. The *Berlin* court stated that some states have declined to adopt the corporate-practice-of-medicine doctrine, some have determined that the doctrine is inapplicable to nonprofit hospitals and health associations, and some have decided that the doctrine is not applicable to hospitals that employ physicians because hospitals are authorized by other laws to provide medical treatment to patients.

Then, the *Berlin* court concluded that the latter of the three approaches was persuasive. The court stated:

> "We decline to apply the corporate practice of medicine doctrine to licensed hospitals. The instant cause is distinguishable from [past Illinois cases]. None of those cases specifically involved the employment of physicians by a hospital. More important, none of those cases involved a corporation licensed to provide health care services to the general public." *Berlin*, 179 Ill. 2d at 16.

The *Berlin* court added that the public policy concerns that supported the doctrine were inapplicable to a licensed hospital in the modern health care industry. Consequently, the *Berlin* court held that hospitals may enter into contracts with physicians without violating the corporate-practice-of-medicine doctrine.

Pursuant to the supreme court's supervisory order, we now readdress the appeal at bar in light of *Berlin*. Here, Dr. Holden and the hospital negotiated an employment contract containing a noncompetition clause. Two years later, Dr. Holden submitted his resignation. Subsequently, Dr. Holden filed a complaint for declaratory judgment seeking a declaration that his employment agreement with the hospital was void and unenforceable as a matter of law under the corporate-practice-of-medicine doctrine. Accordingly, the noncompetition clause was invalid.

The issue in this case was squarely before the *Berlin* court. Like the physician in *Berlin*, Dr. Holden had an employment agreement with a hospital and sought to leave his employment after having his contract declared unenforceable. As the *Berlin* court held, however, the corporate-practice-of-medicine doctrine does not apply to hospitals. Accordingly, the contract between Dr. Holden and Rockford Memorial Hospital is not unenforceable or void as a matter of law.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is reversed, and this cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GEIGER, P.J., and THOMAS, J., concur.